IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES C. WINDING, #K8115                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 5:22-cv-2-DCB-FKB

NATCHEZ ARTS GALLERY                                        DEFENDANT

<u>ORDER DENYING PLAINTIFF'S MOTIONS [13],[14]</u>

This case is before the Court on *pro se* Plaintiff James C. Winding's Motion [13] to

submit an acknowledgment and receipt and Motion [14] to reopen this case and amend his

complaint.  For the following reasons, Winding's Motions [13],[14] are denied.

I.      Background

Winding is an incarcerated inmate serving a term of imprisonment with the Mississippi

Department of Corrections.  On January 6, 2022, Winding filed this civil action against the

Natchez Arts Gallery seeking monetary damages for the Gallery's alleged failure to give

paintings to Winding after his father's death.  Winding paid the filing fee for this civil action.[1]

On May 26, 2022, without serving the Defendant with process, Winding filed a Motion

[7] to voluntarily dismiss this case.  In his Motion [7], Winding also asked the Court to return the

filing fee paid for this civil action.  On June 2, 2022, the Court granted Winding's Motion to

voluntarily dismiss this case and denied his request for a refund of the filing fee.  *See* Order [8].

A Final Judgment [9] entered the same day, closing this civil action.

Now, over two-years later, Winding files the Motions [13], [14] before the Court.  The

first Motion [13] seeks leave to file an acknowledgment and receipt that Winding attaches to his

Motion.  Attach. [13-1].  This document is a form provided in conjunction with orders routinely

---

[1] Winding is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) and is subject to several sanctions
imposed by this Court and the Fifth Circuit for his abusive litigation tactics.

entered in pro se prisoner cases when the prisoner is proceeding IFP.  No such order entered in this case and the document has no relevance to this civil action.

Next, Winding seeks to re-open this civil action and amend his complaint to add new defendants and new claims not relevant to his original complaint.   In this Motion [14], Winding claims that various authorities responsible for his conviction and current imprisonment took him "hostage" which prevented him from receiving the paintings in dispute.  Mot. [14] at 1.  Winding also claims that he voluntarily dismissed this action to "obtain proper legal research" regarding service of process.  *Id*. at 2.

II.    Discussion

First, the Court finds that Winding's request to submit an irrelevant form document in a closed civil action serves no purpose.  This Motion [13] is denied.

Second, the Court construes Winding's Motion [14] to re-open this civil action as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Rule 59(e) or as a motion for relief from judgment . . . under Rule 60(b)."  *Demahy v. Schwarz Pharma, Inc*., 702 F.3d 177, 182 n.2 (5th Cir. 2012) (internal quotation marks and citation omitted).  Since Winding filed his Motion [14] to reconsider well over the twenty-eight days allowed for a Rule 59(e) motion, it is properly construed as arising under Rule 60(b).

Under Rule 60(b) the Court has discretion to relieve a party from a judgment under six circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

At best, Winding is seeking reconsideration "for any other reason that justifies relief" under Rule 60(b)(6). To obtain that relief, Winding would have to show "'extraordinary circumstances' justifying the reopening of a final judgment.'" *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 525, 535 (2005)).

Winding provides no rational or viable argument as to why Rule 60(b) warrants reconsideration of the judgment in this case. Instead, Winding maintains that the authorities responsible for his conviction and current imprisonment took him "hostage" thereby preventing him from obtaining certain paintings from the Defendant. Mot. [14] at 1. Winding also claims he was unaware that he could mail a summons and complaint "through prison mail" and that he voluntarily dismissed this case, over two-years ago, to "obtain proper legal research of the matter." *Id*. at 2. Neither of these reasons entitle Winding to relief under Rule 60(b).

Finally, to the extent Winding's Motion [14] also seeks leave to amend his complaint in this closed civil action, it is denied.

III.   Conclusion

For the foregoing reasons, Winding's Motions [13].[14] are denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that:

1.  Winding's Motion [13] to submit an acknowledgement of receipt is DENIED;

2.  Winding's Motion [14] for reconsideration is DENIED; and

3.  Winding's Motion [14] to amend his complaint is DENIED.

**IT IS, FURTHER ORDERED** that the Court warns Winding that if he continues to file

frivolous motions in this closed civil action he will be subject to sanctions.

**SO ORDERED**, this the  20th   day of September, 2024.

s/David Bramlette_____
UNITED STATES DISTRICT JUDGE